■ DOMENICO VIRTUOSO, Respondent, v. ROBERT B. DA COSTA, Defendant, and TRANS AMERICAN FREIGHT LINES, Appellant.— In a negligence action to recover damages for personal injuries, the defendant Trans American Freight Lines appeals from so much of an order of the Supreme Court, Westchester County, dated September 27, 1963, as *conditionally* granted its motion to dismiss the complaint for plaintiff's failure to diligently prosecute the action. In effect, the condition was that if the plaintiff shall file a note of issue for the November 1963 Term, then the motion is denied. Order modified by striking out the condition stated and by substituting therefor a provision granting unconditionally the said defendant's motion to dismiss the complaint. As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, under the circumstances here, the conditional granting of the motion was an improvident exercise of discretion. The plaintiff failed to show a reasonable excuse for the delay in prosecuting the action (*Costanzo* v. *Schwedler*, 14 A D 2d 814; *Fast* v. *Meenan Oil Co.*, 1 A D 2d 889). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

## (February 10, 1964)

■ ARNOLD BRISKIN, Respondent, v. HERTZ CORPORATION, Appellant.— In an action to recover damages for personal injury, defendant appeals from an order of the Supreme Court, Queens County, dated May 27, 1963, conditionally denying its motion to dismiss the complaint for lack of prosecution, pursuant to section 181 of the former Civil Practice Act. Order reversed, without cost; motion granted and complaint dismissed, without costs. In our opinion, defendant's right to dismissal was not waived by proceeding with the examinations before trial at a time when a decision on its motion to dismiss was pending. In view of the history of this action, plaintiff has failed to make the required showing of a reasonable excuse or justification for the delay in its prosecution (*Keating* v. *Smith*, 20 A D 2d 141). Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.